| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>*Proposed Attorneys for Debtors and*<br>*Debtors in Possession* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Richard D. Anigian, Esq. (*pro hac vice* pending)<br>Charles M. Jones II, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>rick.anigian@haynesboone.com<br>charlie.jones@haynesboone.com<br><br>*Proposed Attorneys for Debtors and*<br>*Debtors in Possession* |

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>　　　　　　　　　　　Debtors.[1]<br><br>―――――――――――――――――<br><br>BLOCKFI INC., BLOCKFI LENDING LLC AND BLOCKFI INTERNATIONAL LLC,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　　-against-<br><br>EMERGENT FIDELITY TECHNOLOGIES LTD. AND ED&F MAN CAPITAL MARKETS, INC.,<br><br>　　　　　　　　　　　Defendants. | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Case No. 22-19361 (MBK)<br><br>(Joint Administration Requested)<br><br>Chapter 11<br><br>Adv. Pro. No. 22-_____ (___) |

## DEBTORS' ADVERSARY COMPLAINT AGAINST EMERGENT FIDELITY TECHNOLOGIES LTD. AND ED&F MAN CAPITAL MARKETS, INC.

Plaintiffs BLOCKFI INC. ("BlockFi Inc."), BlockFi Lending LLC ("BlockFi Lending") and BlockFi International LLC ("BlockFi International" and together "Plaintiffs" or "BlockFi"), bring this Complaint against Emergent Fidelity Technologies LTD. ("Emergent") and ED&F Man Capital Markets Inc. ("EDFM"). BlockFi alleges as follows:

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

## NATURE OF THE CASE

1. BlockFi seeks to enforce the terms of a pledge agreement and to recover collateral that is property of these bankruptcy estates.

2. Emergent has defaulted on its obligations under the pledge agreement and failed to satisfy its obligations thereunder despite written notice of default and acceleration.

3. EDFM, as the custodial agent under the pledge agreement, has custody of the collateral that belongs to BlockFi.

4. As a result, BlockFi is entitled to enforce its rights as the first priority secured party in the collateral.

## JURISDICTION AND VENUE

5. This is an adversary proceeding commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because, at a minimum, this matter is a proceeding to (i) recover money or property belonging to the Debtors' estates, (ii) determine the validity, priority, or extent of a lien or other interest in property, and (iii) obtain a declaratory judgment relating to the foregoing. FED. R. BANKR. P. 7001(1)-(2), (9).

6. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334 and *In the matter of: Standing Order of Reference to Bankruptcy Court under Title 11,* Standing Order of Reference 12-1, dated September 18, 2012.

7. This adversary proceeding relates to the Bankruptcy Cases, which are pending in the United States Bankruptcy Court for the District of New Jersey, Trenton Division.

8. This court has jurisdiction over this action because it is a core proceeding under 28 U.S.C. § 157(b)(2) and also pursuant to 28 U.S.C. § 1334.

9. Venue is proper before this court before pursuant to 28 U. S. C. §§ 1391(3)(c), 1408 and 1409. BlockFi consents to entry of a final order on these claims by this Court.

10. The statutory bases for the relief requested herein are Sections 105(a), 362(a), 542, and 543 of title 11 of the United States Code (the "Bankruptcy Code"), and 28 U.S.C. §§ 2201 *et seq*.

11. This Court has personal jurisdiction over the non-resident Emergent and EDFM pursuant to New Jersey's long-arm-statute and/or Federal Rule of Civil Procedure 4(k)(2).

## THE PARTIES

12. BlockFi Inc. is a corporation organized under the laws of the State of Delaware.

13. BlockFi Lending LLC is a Delaware limited liability company.

14. BlockFi International Ltd. is a company organized under the laws of Bermuda.

15. Emergent Fidelity Technologies Ltd. is a company incorporated under the laws of Antigua and Barbuda. Emergent's principal office is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. Johns, Antigua. Emergent may be served by serving any of its officers or employees at its principal office or anywhere else they may be found. In addition, Emergent may be served by serving its sole Director and majority owner via United States First Class Mail at 167 North Green Street, Floor 11 Suite 2, Chicago Illinois 60607. *See* FED. R. CIV. P. 4(h); FED. R. BANKR. P. 7004(b)(3); N.J. CT. R. 4:4(a)(6).

16. ED&F Man Capital Markets, Inc. is a corporation organized under the laws of the State of New York. EDFM has a principal office at 140 East 45th Street, 10th Floor, New York, New York 10017. EDFM may be served by serving its registered agent: Attention: General Counsel, 140 East 45TH Street, 10th Floor, New York, New York 10017.

17. BlockFi intends to serve Emergent and EDFM with a summons and this Complaint immediately upon receipt of the summons issued by the Clerk of Court.

## FACTUAL BACKGROUND

18. BlockFi entered into a pledge agreement with Emergent as of November 9, 2022 (the "Pledge Agreement"). The Pledge Agreement was given in consideration for BlockFi Lending and BlockFi International entering into an Amendment & Forbearance Agreement also dated November 9, 2022 (the "Forbearance Agreement").

19. Under the Forbearance Agreement, BlockFi Lending and BlockFi International agreed to forbear from exercising certain rights and remedies then available to them under various loan documents as a result of multiple events of default. BlockFi Lending and BlockFi International also agreed to extend certain payment obligations, provided the borrower complied with its obligations under the Forbearance Agreement, including making timely payments in accordance with a payment schedule described therein.

20. Emergent acknowledged it would receive a direct or indirect benefit from the Pledge Agreement.

21. Under the Pledge Agreement, Emergent absolutely, unconditionally, and irrevocably guaranteed the payment obligations of the borrower under the Forbearance Agreement. Emergent's guaranty was secured by a first priority security interest—in favor of BlockFi—in all of Emergent's rights, titles, and interests in, among other things, the collateral described in the Pledge Agreement, including certain shares of common stock (collectively, the "Collateral"). The Collateral has value to the BlockFi bankruptcy estates.

22. Emergent was required to deliver all Collateral shares to BlockFi Inc. pursuant to the terms of the Pledge Agreement.

23. Emergent breached the Pledge Agreement by, among other things, failing to satisfy its payment obligations and to promptly deliver the Collateral to BlockFi Inc. BlockFi Inc. has otherwise perfected its security interest in the Collateral through the filing of a UCC-1 Financing Statement.

24. On November 10, 2022, BlockFi Lending and BlockFi International notified Emergent that the forbearance period had ended due to an event of default, including borrower's failure to timely make a required payment in accordance with the payment schedule. As a result of the event of default, Emergent was notified that all obligations under the Pledge Agreement were immediately due and payable and that BlockFi Lending and BlockFi International intended to exercise all remedies available to them under the Pledge Agreement, including the sale of all or any part of the Collateral.

25. In the Pledge Agreement, Emergent granted BlockFi a power of attorney to act as its true and lawful attorney-in-fact with full and irrevocable power and authority in Emergent's name or in its own name, to take after an event of default, any and all action and to execute any and all documents and instruments which BlockFi deems necessary or desirable to accomplish the purposes of the Pledge Agreement.

26. EDFM—Emergent's broker who is designated as the custodial entity under the Pledge Agreement—holds the Collateral in a specified numbered account. Following the event of default, BlockFi sought to have the Collateral transferred to it, but EDFM has refused to transfer the Collateral to BlockFi.

27. As the holder of the first priority security interest in the Collateral, which is property of the BlockFi bankruptcy estates, BlockFi is entitled to have all such Collateral immediately

surrendered to it and/or liquidated in whatever manner necessary to preserve as much value as possible with the proceeds from any and all such sales transferred to BlockFi.

## CAUSES OF ACTION

### COUNT ONE
### INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105.

28. The allegations in paragraphs 1 through 27 are adopted as if fully copied here.

29. The Pledge Agreement is a valid and enforceable contract.

30. Emergent failed to satisfy its obligations under the Pledge Agreement and BlockFi is therefore entitled to all or as much of the Collateral as is required to satisfy Emergent's obligations thereunder. As a result, the Collateral is property of the BlockFi bankruptcy estates because BlockFi had superior rights to the Collateral as of the Petition Date.

31. Under § 105 of the Bankruptcy Code, the Court may "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of title 11 of the Bankruptcy Code.

32. Accordingly, BlockFi respectfully requests an order of this Court directing Emergent and/or EDFM to immediately transfer the Collateral to a neutral party such as a neutral broker or escrow supervised by the Court, and ultimately to BlockFi.

### COUNT TWO
### TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 USC §§ 542 and 543.

33. The allegations in paragraphs 1 through 32 are adopted as if fully copied here.

34. As described above, BlockFi is entitled to use and possession of the Collateral under the Pledge Agreement, but Emergent and/or EDFM are refusing to deliver the Collateral to BlockFi.

35. Emergent and/or EDFM are entities other than a custodian who is "in possession,

6

custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title," i.e., the Collateral. 11 U.S.C. § 542. Thus, Emergent and/or EDFM must "deliver to the trustee, and account for" the Collateral or the value of the Collateral. *Id.*

36. Alternatively, EDFM is the custodian of the Collateral under the Pledge Agreement and has been given notice of Emergent's default. BlockFi is giving EDFM immediate notice of the filing of the Debtors' chapter 11 cases and of this Adversary Proceeding. Thus, EDFM must "deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543.

37. Pursuant to section 542 and 543 of the Bankruptcy Code, and as further permitted by § 105 of the Bankruptcy Code, BlockFi respectfully requests an order of this Court directing Emergent and/or EDFM to immediately transfer the Collateral to BlockFi.

38. In addition, pursuant to section 543 of the Bankruptcy Code, BlockFi respectfully requests an order of this Court directing EDFM to "not make any disbursement from, or take any action in the administration of," the Collateral or any "proceeds, product, offspring, rents, or profits of" the Collateral "in the possession, custody, or control of" EDFM, "except such action as is necessary to preserve" the Collateral unless otherwise directed and ordered by this Court. 11 U.S.C. § 543(a).

### COUNT THREE
### BREACH OF CONTRACT

39. The allegations in paragraphs 1 through 38 are adopted as if fully copied here.

40. As stated above, the Pledge Agreement is a valid and enforceable contract.

41. Emergent has failed to satisfy its obligations under the Pledge Agreement and therefore is in breach of the Pledge Agreement.

42. BlockFi has suffered damages as a direct result of Emergent's breaches of the Pledge Agreement.

## COUNT FOUR
## DECLARATORY RELIEF

43. The allegations in paragraphs 1 through 42 are adopted as if fully copied here.

44. This Adversary Proceeding presents an actual controversy within the Court's jurisdiction.

45. In accordance with 28 U.S.C. § 2201 *et seq*. and Bankruptcy Rule 7001(9), BlockFi is entitled to a declaratory judgement as follows:

   a. Declaring that Emergent has breached its obligations under the Pledge Agreement and that BlockFi can exercise any and all rights and remedies granted to it under the Pledge Agreement;

   b. Declaring that BlockFi has a first priority security interest in the Collateral;

   c. Declaring that BlockFi has a valid and enforceable power of attorney to act as Emergent's true and lawful attorney-in-fact with full and irrevocable power and authority in Emergent's name or in its own name and is entitled to take any and all actions and to execute any and all documents and instruments which BlockFi deems necessary or desirable to accomplish the purposes of the Pledge Agreement, including to secure possession or liquidation of the Collateral; and

   d. Declaring that any party that receives an order of the Court granting the declaratory relief requested above—including but not limited to EDFM—is entitled to and shall

rely upon any exercise by BlockFi of its rights under the power of attorney granted in the Pledge Agreement.

## COUNT FIVE
## QUANTUM MERUIT

46. The allegations in paragraphs 1 through 45 are adopted as if fully copied here.

47. BlockFi Lending and BlockFi International provided good and valuable consideration to Emergent and borrower in agreeing to forbear for exercising their rights and by agreeing to the payment schedule.

48. Emergent accepted the benefit of the forbearance and agreed to pledge the Collateral in exchange for this consideration.

49. BlockFi Lending and BlockFi International expected to be compensated in exchange for the forbearance which expectation was secured, in part, through the pledge of the Collateral.

50. Emergent has been unjustly enriched by ignoring its obligations under the Pledge Agreement and continuing to allegedly maintain ownership rights in the Collateral.

51. It would be unconscionable to permit Emergent to retain ownership in any of the Collateral to the extent that the value of the Collateral is not sufficient to fully satisfy Emergent's obligations under the Pledge Agreement.

## COUNT SIX
## ATTORNEYS' FEES

52. The allegations of paragraphs 1 through 51 are adopted as if fully copied here.

53. As a result of Emergent's breach of the Pledge Agreement, BlockFi has been required to retain counsel to prosecute this Adversary Proceeding.

54. The Pledge Agreement provides that in the event BlockFi successfully prosecutes an action relating to Emergent's breach of the agreement, it shall be entitled to recover attorneys' fees and costs associated with the proceeding.

## **PRAYER FOR RELIEF**

**WHEREFORE** BlockFi Inc, BlockFi Lending, and BlockFi International respectfully pray that this Court:

1. Enter an order directing Emergent and EDFM to immediately transfer the Collateral to a neutral party, such as a neutral broker or escrow under the Court's supervision, and ultimately to BlockFi;

2. Enter an order directing EDFM to not make any disbursement from, or take any action in the administration of, the Collateral or any proceeds, product, offspring, rents, or profits of the Collateral in the possession, custody, or control of EDFM, except such action as is necessary to preserve the Collateral unless otherwise directed and ordered by this Court;

3. Award BlockFi Inc, BlockFi Lending, and BlockFi International all of their actual and consequential damages;

4. Award BlockFi Inc, BlockFi Lending, and BlockFi International the value of all benefits the Emergent derived as a result of its breach of the Pledge Agreement;

5. Enter an order granting the declaratory relief requested in this Complaint;

6. Award BlockFi Inc, BlockFi Lending, and BlockFi International their attorneys' fees, pre- and post-judgment interest, and costs of suit; and

7. Award BlockFi Inc, BlockFi Lending, and BlockFi International all other relief, at law or equity, to which they may be entitled.

Dated: November 28, 2022 /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Richard D. Anigian, Esq. (*pro hac vice* pending)
Charles M. Jones II, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
rick.anigian@haynesboone.com
charlie.jones@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*