# EXHIBIT A

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>*Proposed Attorneys for Debtors and*<br>*Debtors in Possession* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Richard D. Anigian, Esq. (*pro hac vice* pending)<br>Charles M. Jones II, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>rick.anigian@haynesboone.com<br>charlie.jones@haynesboone.com<br><br>*Proposed Attorneys for Debtors and*<br>*Debtors in Possession* |

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>　　　　　　　　　　　　Debtors.[1]<br><br>―――――――――――――――――<br>BLOCKFI INC., BLOCKFI LENDING LLC AND<br>BLOCKFI INTERNATIONAL LLC,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>EMERGENT FIDELITY TECHNOLOGIES LTD.<br>AND ED&F MAN CAPITAL MARKETS, INC.,<br><br>　　　　　　　　　　　　Defendants. | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Case No. 22-19361 (MBK)<br><br>(Joint Administration Requested)<br><br>Chapter 11<br><br>Adv. Pro. No. 22-01382 (MBK) |

**DECLARATION OF ZACHARY PRINCE IN SUPPORT OF
THE DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTIONS 105(a), 542, AND 543 OF THE BANKRUPTCY CODE
(I) DIRECTING THE COLLATERAL BE TRANSFERRED TO A
NEUTRAL BROKER OR ESCROW UNDER THE COURT'S SUPERVISION
OR (II) ENJOINING THE DEFENDANTS FROM TRANSFERRING
OR USING THE COLLATERAL PENDING FINAL
<u>RESOLUTION OF THE TURNOVER CLAIMS</u>**

---

[1] The Debtors in these chapter 11 cases (the "<u>Debtors</u>"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

I, Zachary Prince, hereby declare as follows under penalty of perjury:

1. I am over eighteen and have never been convicted of a felony or other crime involving moral turpitude, and do not suffer from any mental or physical disability that would render me incompetent to make this declaration. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge or are known to me by reason of my position and involvement in this proceeding.

2. I am employed by BLOCKFI, INC. ("BlockFi Inc.") as its Chief Executive Officer. I am also the President of BlockFi Lending LLC ("BlockFi Lending") and the Chief Executive Office of BlockFi International LLC ("BlockFi International" and together with BlockFi Inc. and BlockFi Lending, "BlockFi"). Accordingly, I am generally familiar with the business operations, business and financial affairs, and books and records of BlockFi.

3. I am authorized to submit this declaration on behalf of BlockFi in support of the *Debtors' Motion for Entry of an Order Pursuant to Sections 105(a), 542, and 543 of the Bankruptcy Code (I) Directing the Collateral be Transferred to a Neutral Broker or Escrow under the Court's Supervision or (II) Enjoining the Defendants from Transferring or Using the Collateral Pending Final Resolution of the Turnover Claims* (the "Motion").[2] If I were called upon to testify, I could and would testify to each of the factual allegations contained in the Motion (and hereby affirm them) as set forth herein.

4. BlockFi entered into a pledge agreement with Emergent Fidelity Technologies Ltd. ("Emergent") as of November 9, 2022 (the "Pledge Agreement"). The Pledge Agreement was

---

[2] Capitalized terms not otherwise defined in this declaration shall have the same meanings ascribed to such terms in the Motion.

2

given in consideration for BlockFi Lending and BlockFi International entering into an Amendment & Forbearance Agreement also dated November 9, 2022 (the "Forbearance Agreement").

5. Under the Forbearance Agreement, BlockFi Lending and BlockFi International agreed to forbear from exercising certain rights and remedies then available to them under various loan documents as a result of multiple events of default. BlockFi Lending and BlockFi International also agreed to extend certain payment obligations, provided the borrower complied with its obligations under the Forbearance Agreement, including making timely payments in accordance with a payment schedule described therein.

6. Emergent acknowledged it would receive a direct or indirect benefit from BlockFi entering into the Forbearance Agreement.

7. Under the Pledge Agreement, Emergent absolutely, unconditionally, and irrevocably guaranteed the payment obligations of the borrower under the Forbearance Agreement. Emergent's guaranty was secured by a first priority security interest—in favor of BlockFi—in all of Emergent's rights, titles, and interests in, among other things, the Collateral which includes certain shares of common stock. The Collateral has value to the BlockFi bankruptcy estates.

8. Emergent did not satisfy its payment obligations under the Pledge Agreement or promptly deliver the Collateral to BlockFi Inc. BlockFi Inc. has perfected its security interest in the Collateral through the filing of a UCC-1 Financing Statement.

9. In the Pledge Agreement, Emergent granted BlockFi a power of attorney to act as its true and lawful attorney-in-fact with full and irrevocable power and authority in Emergent's name or in its own name, to take after an event of default, any and all action and to execute any and all documents and instruments which BlockFi deems necessary or desirable to accomplish the purposes of the Pledge Agreement.

10. According to the Pledge Agreement, ED&F Man Capital Markets Inc. ("EDFM")—Emergent's broker who is designated as the custodial entity under the Pledge Agreement—holds the Collateral in a specified numbered account.

11. On November 10, 2022, BlockFi Lending and BlockFi International sent a letter (the "Notice Letter") to Emergent notifying it that the forbearance period had ended due to an event of default, including borrower's failure to timely make a required payment in accordance with the payment schedule and that all obligations were immediately due and payable. A true and correct copy of the Notice Letter (without the attachment) is attached hereto as **Exhibit A-1**.

12. BlockFi reasonably believes all of the Collateral is currently in the possession, custody, and/or control of EDFM. Following the event of default, BlockFi sought to have the Collateral transferred to it, but EDFM has refused to transfer the Collateral to BlockFi.

13. On November 28, 2022, BlockFi and its debtor affiliates as debtors and debtors-in-possession (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Emergent and EDFM have been or will be served with notice of the Chapter 11 Cases.

*[Signature Page Follows]*

4

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on November 27, 2022          By: _____
                                       Name: Zachary Prince
                                       Title: Chief Executive Office
                                       BLOCKFI, INC.

# EXHIBIT A-1

**BLOCKFI LENDING LLC**
201 Montgomery St., Suite 263
Jersey City, NJ 07302

**BLOCKFI INTERNATIONAL LTD.**
201 Montgomery St., Suite 263
Jersey City, NJ 07302

November 10, 2022

*VIA EMAIL*

Emergent Fidelity Technologies Ltd.
Unit 3B Bryson's Commercial Complex
Friars Hill Road
St. Johns, Antigua
Attn: Sam Bankman-Fried
Email: sam@ftx.com

      **Re: Notice of Event of Default and Acceleration**

Ladies and Gentlemen:

      Reference is made to

(i) the Pledge Agreement, dated as of November 9, 2022 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Pledge Agreement") by and among BlockFi Inc., a Delaware corporation ("Collateral Agent") for BlockFi Lending LLC, a Delaware limited liability company ("BlockFi Lending") and BlockFi International Ltd., a limited company organized and existing under the laws of Bermuda ("BlockFi International" and, together with BlockFi Lending, the "Lenders" and, together with Collateral Agent, the "Secured Party" or "we" or "us") and Emergent Fidelity Technologies Ltd., a company incorporated under the laws of Antigua and Barbuda ("Pledgor" or "you");

(ii) the Master Digital Currency Loan Agreement, dated as of July 15, 2019 (together with any loan agreement and any loan term sheet thereunder, and as amended by the Forbearance Agreement referred to below and as amended by the Pledge Agreement, and as may have heretofore been or may hereafter be further amended, modified, supplemented, extended, renewed, restated or replaced, the ("BlockFi Lending Master Agreement") between Alameda Research Limited, a limited company organized and existing under the law of the British Virgin Islands ("Borrower") and BlockFi Lending, as Lender;

(iii) the Amended and Restated Master Loan Agreement, dated as of January 26, 2022 (together with any loan agreement and any loan term sheet thereunder, and as amended by the Forbearance Agreement referred to below and as amended by the Pledge Agreement, and as may have heretofore been or may hereafter be further amended, modified, supplemented, extended, renewed, restated or replaced, the "BlockFi International Master Agreement" and, together with the BlockFi Lending Master Agreement, each, a "Master Agreement" and, collectively, the "Master Agreements") between Borrower and BlockFi International, as Lender; and

(iv) the Amendment & Forbearance Agreement, dated as of November 9, 2022 (as amended, restated, amended and restated, supplemented, or otherwise

modified from time to time, the "Forbearance Agreement") by and among Borrower, BlockFi Lending and BlockFi International.

Unless specified otherwise, capitalized terms not defined herein shall have the meanings assigned in the Pledge Agreement.

We hereby notify you that (i) Borrower has failed to make a payment or transfer of assets when due and payable pursuant to the Payment Schedule (as defined in the Forbearance Agreement) and, as a result of such failure, a Termination Event (as defined in the Forbearance Agreement) has occurred under the Forbearance Agreement, (ii) Borrower has failed to comply with the covenants, conditions and agreements contained in the Forbearance Agreement and, pursuant to Section 3.4 of the Forbearance Agreement, such failure constitutes an Event of Default under the BlockFi Lending Master Agreement, the BlockFi International Master Agreement and the other Loan Documents, and (iii) as a result of the foregoing, the Forbearance Period (as defined in the Forbearance Agreement) has terminated.

As a result of the foregoing, an Event of Default occurred and exists pursuant to Section 8(a)(ii) of the Pledge Agreement.

Pursuant to the foregoing and Section 8(b) of the Pledge Agreement, we hereby notify you that:

(i) we are declaring the Secured Obligations to be hereby immediately due and payable;

(ii) we are declaring all of the Guaranteed Obligations to be hereby immediately due and payable; and

(iii) we intend to exercise all remedies available to us under the Pledge Agreement, including, without limitation, (a) to sell, or instruct any agent or broker to sell, all or any part of the Collateral in a public or private sale, (b) to direct any agent or broker to liquidate all or any part of any account and deliver all proceeds thereof to Secured Party, (c) to apply all proceeds to the payment of any or all of the Guaranteed Obligations in such order and manner as Secured Party, in its direction, chooses and (d) to transfer all or any assets held in or credited to the Current Collateral Account or Perfection Collateral Account to Secured Party or as Secured Party may otherwise direct.

Nothing contained in this notice is intended to waive any default, or waive any rights, remedies, or recourses available to the Secured Party, nor be an exclusive election of remedies resulting from any default with respect to the Pledge Agreement, the Master Agreements and the other Loan Documents.

This notice is without prejudice to the Secured Party, and the Secured Party reserves any and all rights, powers, privileges and remedies under the Pledge Agreement, the Master Agreements and the other Loan Documents.

Yours truly,

BLOCKFI LENDING LLC

BLOCKFI INTERNATIONAL LTD.