John C. Goodchild, III (Bar No. 024031994)
Matthew C. Ziegler (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5020
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6700
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Special Counsel for Emergent Fidelity Technologies Ltd*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Jointly Administered<br><br>Case No. 22-19361 (MBK) |
| BLOCKFI INC., BLOCKFI LENDING LLC AND BLOCKFI INTERNATIONAL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EMERGENT FIDELITY TECHNOLOGIES LTD AND ED&F MAN CAPITAL MARKETS, INC.,<br><br>Defendants. | Adv. Pro. No. 22-01382 (MBK) |

## EMERGENCY MOTION FOR EXTENSION OF TIME
## TO RESPOND TO COMPLAINT AND TURNOVER MOTION
## AND FOR CONTINUANCE OF HEARING AND PRETRIAL CONFERENCE

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The duly appointed Joint Provisional Liquidators (the "JPLs") of Emergent Fidelity Technologies Ltd ("Emergent"), by their undersigned counsel, hereby submit this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) granting a 45-day extension of the deadline for responding to the Complaint [Dkt. No. 1] and continuing the February 2, 2023 pretrial conference to accommodate such 45-day extension; and (ii) granting a 45-day extension of the deadline for responding to the *Debtors' Motion for Entry of an Order Pursuant to Sections 105(a), 542, and 543 of the Bankruptcy Code (I) Directing the Collateral Be Transferred to a Neutral Broker or Escrow under the Court's Supervision or (II) Enjoining the Defendants from Transferring or Using the Collateral Pending Final Resolution of the Turnover Claims* (the "Turnover Motion") [Dkt. No. 2] and continuing the January 9, 2023 hearing on the Turnover Motion to accommodate such 45-day extension. In support of this Motion, the JPLs rely on and incorporate by reference the declaration of Joshua Dorchak (the "Dorchak Declaration") attached hereto as **Exhibit B**, and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The JPLs ask this Court for a brief extension of the deadlines for their initial responses to the Complaint and the Turnover Motion, in order to ensure that they may perform their duties as fiduciaries for the benefit of Emergent's stakeholders in an informed and efficient manner. Emergent is the undisputed record holder of a certain asset in which several persons, including BlockFi in this Adversary Proceeding, have claimed a beneficial interest. Emergent and its assets are the express beneficiaries of a universal litigation stay issued by order of the High Court of Antigua. That order and a prior related order are being challenged in that court variously by Samuel Bankman-Fried ("SBF") and by BlockFi itself. The pending challenge to the court

order that appointed the JPLs and imposes the litigation stay is one of several grounds for this Motion. Another is the JPLs' lack of access to Emergent's books and records. Yet another is the fact that a different chapter 11 debtor, Alameda Research Ltd, has asserted a property interest in Emergent's asset and has asserted that this Adversary Proceeding violates its automatic stay. This Motion does not prejudice any party in interest, as the disputed asset is being held pending a court order directing its disposition. For these reasons, the JPLs respectfully request that the Court grant the Motion.

## BACKGROUND

Activities in This Court

2.     On November 28, 2022, BlockFi Inc., BlockFi Lending LLC and BlockFi International LLC (collectively, "BlockFi") commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Emergent and ED&F Man Capital Markets, Inc., which is now known as Marex Capital Markets Inc. ("Marex"). In the Adversary Proceeding, BlockFi asserts that certain securities held by Marex as custodian for Emergent (the "Shares," described in detail below) are property of BlockFi's bankruptcy estates and seeks both turnover of these securities and money damages in an unspecified amount.

3.     BlockFi's essential allegation is that on November 9, 2022 Emergent entered into a certain pledge agreement (the "Pledge Agreement") with BlockFi in which Emergent, among other things, purportedly (i) guarantied an unspecified borrower's loan repayment obligations to BlockFi, (ii) pledged the Shares to BlockFi as security for the guaranty, (iii) promised to deliver the Shares to BlockFi, and (iv) granted BlockFi a power of attorney to act in Emergent's place to enforce the Pledge Agreement. BlockFi alleges that Emergent executed the Pledge Agreement in consideration for BlockFi entering into a certain Amendment & Forbearance Agreement with the

3

unspecified borrower (the "Forbearance Agreement"), also dated November 9, 2022, by which BlockFi agreed to forbear from exercising certain rights and remedies under various unspecified loan documents.

4. BlockFi further alleges that on November 10, 2022 (the next day), the forbearance period ended as the unspecified borrower defaulted in an unspecified manner under the Forbearance Agreement and Emergent failed both to deliver the Shares and to honor its guaranty.

5. Based on the foregoing allegations, BlockFi asserts a property interest in the Shares and asks this Court to compel Emergent to turn over the Shares to BlockFi, in addition to asking this Court for a declaratory judgment that it has a first priority security interest in the Shares, and asking this Court for an unspecified amount of money damages.

6. On the same day as it filed the Adversary Proceeding, BlockFi filed the Turnover Motion, which seeks the short-term transfer of the Shares from Marex to BlockFi or a neutral third party pending resolution of the Adversary Proceeding.

7. On December 9, 2022, the undersigned counsel to the JPLs on behalf of Emergent filed a notice of appearance with this Court. Dkt. No. 7. In their notice of appearance, and in connection with this Motion, the JPLs reserve their rights and defenses, including with respect to personal jurisdiction. *See id.*

8. On December 19, 2022—three weeks after filing this suit—BlockFi filed additional exhibits to the Turnover Motion, including the purported Pledge Agreement and Forbearance Agreement upon which all of its claims are premised. These exhibits included foundational corporate documents of Emergent that had not been made available to the JPLs previously. The newly filed exhibits show that the previously unspecified borrower at issue in the Adversary Proceeding is Alameda Research Ltd. ("Alameda"). *See* Dkt. Nos. 14 and 15. Alameda is (and

4

was already when the Adversary Proceeding and Turnover Motion were filed) one of the chapter 11 debtors in the jointly administered proceedings styled *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD), pending in the Bankruptcy Court for the District of Delaware.[2] The exhibits also appear to indicate that one of SBF's associates, Caroline Ellison, signed the Pledge Agreement on Emergent's behalf. It is not known whether—and the JPLs have seen no indication that—Ms. Ellison was an authorized signatory of Emergent.

9. The defendants' deadline for responding to the Complaint currently is December 29, 2022, and a pretrial conference is scheduled for February 2, 2023. The deadline for responses to the Turnover Motion currently is January 3, 2023, with a hearing scheduled for January 9, 2023.[3]

Activities in the Antiguan Court

10. Emergent is a company formed under the laws of Antigua and Barbuda. Dorchak Decl. ¶ 6. Emergent is 90% owned by SBF and 10% owned by Zixiao "Gary" Wang. *Id.* ¶ 7. SBF is also reported to be the ultimate majority owner of the FTX group of companies, most of which were founded by SBF and Mr. Wang. As has been widely reported, SBF was recently indicted by the U.S. authorities and charged with, among other things, conspiring and committing wire fraud, commodities fraud, securities fraud, money laundering, and other related offenses against the customers, lenders and investors of FTX and Alameda, and the United States government.

---

[2] On November 11 and 14, 2022, FTX Trading Ltd. ("FTX") and 101 affiliates, including Alameda (collectively, the "FTX Debtors"), filed voluntary chapter 11 petitions in the Delaware bankruptcy court, jointly administered in the case number 22-11068. This Court may take judicial notice of matters of public record, including the FTX Stay Motion and its supporting declaration as described herein. *See In re Washington Mut. Inc.*, 741 F. App'x 88, 89 n.1 (3d Cir. 2018) (citing *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) and taking judicial notice of documents, "including matters of public record and judicial opinions")).

[3] The notice form attached to the Turnover Motion (the "Notice") [Dkt. No. 2] provides that the respond deadline is "no later than seven (7) days before the hearing date . . . ." Notice at 3. A hearing on the Turnover Motion is set for January 9, 2023. *See* unmarked docket entry dated December 5, 2022. January 2, 2023 is a federal holiday; therefore, the response deadline is January 3, 2023, pursuant to Fed. R. Bankr. P. 9006(1).

11.     To the JPLs' knowledge, Emergent's only material asset is the Shares: approximately 56 million Class A common shares of Robinhood Markets, Inc., whose market value of the date of this Motion is believed to be about $440 million. Dorchak Decl. ¶ 7.

12.     On November 18, 2022, the Eastern Caribbean Supreme Court in the High Court of Justice of Antigua and Barbuda (the "Antiguan Court") entered an order appointing Angela Barkhouse and Toni Shukla as receivers (in such capacity, the "Receivers") over the equity of Emergent (the "Receivership Order"). *Id.* ¶ 6. A true copy of the Receivership Order is attached to the Dorchak Declaration as **Exhibit 1**. On December 2, 2022, the Receivers filed a petition to wind up Emergent under the provisions of the International Business Corporations Act, Cap. 222. On December 5, 2022, the Antiguan Court entered an order appointing the Receivers as the JPLs (the "JPL Order"). *Id.* ¶ 8. A true copy of the JPL Order is attached to the Dorchak Declaration as **Exhibit 2**.

13.     The JPL Order authorizes the JPLs to "[d]efend or take part in any civil . . . action or proceeding in the name and on behalf of [Emergent]," and provides that "[n]o suit, action or other proceeding be commenced or continued against [Emergent] or in respect of its assets, except with the leave of the [Antiguan] Court and subject to such terms as the Court may impose." JPL Order ¶¶ 3(b), 8. Despite SBF's and BlockFi's challenges, this Order remains in effect.

14.     The JPL Order further authorizes the JPLs to "[e]xercise any and all rights that [Emergent] may have as a shareholder in any company, or any other rights that [Emergent] may have in any other entity or business structure," and "[s]ubject to the prior approval of the [Antiguan] Court, sell, realise and/or otherwise monetise [the Shares]." JPL Order ¶¶ 4(a), 4(c).

15.     On the day of his arrest, December 12, 2022, SBF petitioned the Antiguan Court to stay the JPL Order in order to permit SBF to petition the same court to set aside the Receivership

Order, arguing that the Receivers were improperly appointed. Dorchak Decl. ¶ 9. True copies of the SBF's petitions to stay the JPL Order and set aside the Receivership Order, as filed, are attached to the Dorchak Declaration as **Exhibit 3** and **Exhibit 4**, respectively.

16. In support of his petitions, SBF submitted affidavits attesting to numerous facts essential to the dispute over the Shares but previously unknown to the JPLs. Dorchak Decl. ¶ 10. For example, SBF avers that in or about May 2022 he and Gary Wang borrowed $546,381,737.10 from Alameda, and used those funds to capitalize Emergent and to fund Emergent's purchase of the Shares on the open market. *See id.* A true copy of the SBF's affidavit, as filed, is attached to the Dorchak Declaration as **Exhibit 5**.

17. On the same day that SBF filed his petitions, BlockFi filed its appearance in the Antiguan Court as a purported creditor of Emergent, indicating that BlockFi also intends to challenge the JPLs' appointment. Dorchak Decl. ¶ 11. A true copy of BlockFi's appearance, as filed, is attached to the Dorchak Declaration as **Exhibit 6**. It is unclear to the JPLs whether BlockFi and SBF are coordinating their efforts in the Antiguan Court.

18. Between December 12, 2022 and December 23, 2022, several hearings were held in the Antigua Court. Dorchak Decl. ¶ 12. At the most recent hearing, the Antiguan Court reserved judgment on the issue whether the JPL Order should be stayed and scheduled a further court conference for December 28. *Id.* The JPLs expect that the Antiguan Court will reaffirm their authority at this court conference, but it is possible that the Antiguan Court will restrict or even revoke the JPLs' authority, which would in turn lead to a dispute over the JPLs' authority in their separate capacity as Receivers, which could take some time to resolve. *Id.* To the extent any disputes in the Antiguan Court remain unresolved after December 28, the JPLs understand those disputes will be assigned to a different judge in Antigua. *Id.*

Activities in the Delaware Bankruptcy Court

19. On December 22, 2022, the FTX Debtors moved the Delaware Bankruptcy Court to enforce or extend the automatic stay to the BlockFi Adversary Proceeding (the "<u>FTX Stay Motion</u>"). *See In re FTX Trading LTD*., Case 22-11068-JTD, Dkt. No. 291 (Bankr. D. Del. Dec. 22, 2022). A true copy of the FTX Stay Motion, as filed, is attached to the Dorchak Declaration as **Exhibit 7**.[4] The FTX Stay Motion is based on the premise that Alameda and/or other FTX Debtors have a property interest in the Shares.

20. The declaration filed by the FTX Debtors in support of the FTX Stay Motion contains various exhibits and information, such as emails and spreadsheets regarding the Shares, much of which was previously unavailable to the JPLs. Dorchak Decl. ¶ 13; *see In re FTX Trading LTD*., Case 22-11068-JTD, Dkt. No. 292 (Bankr. D. Del. Dec. 22, 2022).

Communications Among Counsel to Interested Parties

21. Prior to filing this Motion, the JPLs' counsel reached out to BlockFi's and Marex's counsel to ask if they would consent to the extensions sought herein. Dorchak Decl. ¶ 14. Marex's counsel does not oppose the extensions. *Id.* BlockFi's counsel declined to consent. *Id.*

22. Marex's counsel has also indicated to the JPLs (and, the JPLs understand, to the other parties to this dispute) that Marex will not release the Shares until it is directed to do so by a court of competent jurisdiction. *Id*. ¶ 15. A true copy of Marex's counsel's statement is attached to the Dorchak Declaration as **Exhibit 8**.

---

[4] Due to the voluminous nature of the exhibits attached to the declaration filed in support of the FTX Stay Motion, such documents are not attached to the Dorchak Declaration. The JPLs respectfully request that the Court take judicial notice of such documents as noted in footnote 2.

**RELIEF REQUESTED**

23. The JPLs seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) granting a 45-day extension of the deadline for responding to the Complaint [Dkt. No. 1] and continuing the February 2, 2023 pretrial conference to accommodate such 45-day extension; (ii) granting a 45-day extension of the deadline for responding to the Turnover Motion and continuing the January 9, 2023 hearing on the Turnover Motion to accommodate such 45-day extension, without prejudice to the JPLs' right to seek further extensions.

**BASIS FOR RELIEF**

24. Pursuant to Fed. R. Bankr. P. 9006(b)(1), when an act is required to be done within a specific period by order of the Court, the Court may enlarge the time "for cause shown" at any time before the period has expired.

25. Cause plainly exists here. Multiple parties have asserted an interest in the Shares, all of which are in separate bankruptcy or liquidation proceedings with stays purportedly applicable to the same asset. The JPLs act for Emergent, which is the undisputed nominal holder of the Shares, and the JPLs have been and intend to continue working in good faith and under court supervision to determine the rightful ownership and/or interests in the Shares. However, the JPLs have been appointed for less than six weeks, and this case merges both an extraordinary degree of complexity with a paucity of dependable information. Moreover, the JPLs' very standing to defend this case is being actively challenged by both SBF and BlockFi itself in the Antiguan Court. Meanwhile, Marex has repeatedly made clear that it has no intention of releasing the Shares to anyone absent order of a court of competent jurisdiction.

26. BlockFi's insistence that the JPLs respond to the Complaint and the Turnover Motion now, when the JPLs lack key information and when their own standing to represent Emergent has been challenged by BlockFi itself, is therefore unreasonable.

27. Furthermore, this is a complex multi-party or multi-jurisdictional dispute over the ownership of the Shares. FTX has made it clear that it believes Alameda or another FTX Debtor either owns the Shares outright or to has compelling claims against them. Needless to say, this cannot comport with the claims BlockFi makes in this proceeding. Forcing the JPLs to take a position on Emergent's behalf now will not further the fairness or efficiency of adjudicating this multi-party dispute.

28. Finally, BlockFi will not be prejudiced by a further extension of time. Based on Marex's representations to the various parties to this dispute that it will hold the Shares until a court of competent jurisdiction determines the Shares' ownership, the Shares are at no risk of being dissipated in the meantime.

29. The JPLs are serving this Motion on BlockFi and Marex simultaneously with filing. The JPLs respectfully submit that such notice is sufficient for this Motion.

30. No prior request for the relief sought herein has been made to this or any other Court.

**RESERVATION OF RIGHTS**

31. The JPLs submit this Motion without prejudice to or waiver of any rights or defenses, including, without limitation, defenses based on lack of personal jurisdiction of the JPLs and/or Emergent, and without prejudice to seek further extensions.

WHEREFORE, the JPLs respectfully request that the Court grant the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and grant such other relief as is just and appropriate.

Dated: December 27, 2022
Philadelphia, Pennsylvania

Respectfully submitted,

By: /s/ *John C. Goodchild, III*
John C. Goodchild, III (Bar No. 024031994)
Matthew C. Ziegler (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5020
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6700
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Special Counsel for Emergent Fidelity Technologies Ltd*