# **EXHIBIT B**

**Dorchak Declaration**

| | |
|---|---|
| John C. Goodchild, III (Bar No. 024031994) | Joshua Dorchak (admitted *pro hac vice*) |
| Matthew C. Ziegler (admitted *pro hac vice*) | David K. Shim (admitted *pro hac vice*) |
| **MORGAN, LEWIS & BOCKIUS LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 1701 Market Street | 101 Park Avenue |
| Philadelphia, PA 19103 | New York, NY 10178 |
| Telephone: (215) 963-5020 | Telephone: (212) 309-6700 |
| Email: john.goodchild@morganlewis.com | Email: joshua.dorchak@morganlewis.com |
| Email: matthew.ziegler@morganlewis.com | Email: david.shim@morganlewis.com |

*Special Counsel for Emergent Fidelity Technologies Ltd*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>　　　　　Debtors.[1] | Chapter 11<br><br>Jointly Administered<br><br>Case No. 22-19361 (MBK) |
| BLOCKFI INC., BLOCKFI LENDING LLC AND BLOCKFI INTERNATIONAL LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>EMERGENT FIDELITY TECHNOLOGIES LTD AND ED&F MAN CAPITAL MARKETS, INC.,<br><br>　　　　　Defendants. | Adv. Pro. No. 22-01382 (MBK) |

**DECLARATION OF JOSHUA DORCHAK IN SUPPORT OF EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND TURNOVER MOTION AND FOR CONTINUANCE OF HEARING AND PRETRIAL CONFERENCE**

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

I, Joshua Dorchak, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.  I am over 18 years of age and competent to testify to the matters herein.

2.  I am a partner at the law firm Morgan, Lewis & Bockius LLP with offices located at 101 Park Avenue, New York, New York 10178.

3.  I am in good standing before the courts in which I am admitted, and I have not been disbarred, suspended or disciplined by any court or administrative body.

4.  I am authorized to and hereby submit this declaration on behalf of the JPLs. The information contained in this Declaration is based on my personal knowledge or is derived from discussions with the JPLs' professionals and/or my review of the files in this Adversary Proceeding and the Antiguan proceedings.

5.  I submit this Declaration in support of the JPLs' *Emergency Motion for Extension of Time to Respond to Complaint and Turnover Motion and for Continuance of Hearing and Pretrial Conference* (the "Motion"), filed contemporaneously herewith and incorporated herein by reference.[2] To the best of my knowledge and belief, the assertions made in the Motion are accurate.

6.  On November 18, 2022, the Eastern Caribbean Supreme Court in the High Court of Justice of Antigua and Barbuda (the "Antiguan Court") entered an order appointing Angela Barkhouse and Toni Shukla as receivers (in such capacity, the "Receivers") over the equity of Emergent (the "Receivership Order"), which is a company formed under the laws of Antigua and Barbuda. A true copy of the Receivership Order is attached hereto as **Exhibit 1**.

7.  The JPLs believe that Emergent is 90% owned by Samuel Bankman-Fried and 10% owned by Zixiao "Gary" Wang. To the JPLs' knowledge, Emergent's only material asset is the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

Shares: approximately 56 million Class A common shares of Robinhood Markets, Inc., whose market value of the date of this Motion is believed to be about $440 million.

8. On December 5, 2022, the Receivers filed a petition to wind up Emergent under the provisions of the International Business Corporations Act, Cap. 222. On December 5, 2022, the Antiguan Court entered an order appointing the Receivers as the JPLs (the "<u>JPL Order</u>"). A true copy of the JPL Order is attached hereto as **Exhibit 2**.

9. On the day of his arrest, December 12, 2022, Samuel Bankman-Fried ("<u>SBF</u>") petitioned the Antiguan Court to stay the JPL Order in order to permit SBF to petition the same court to set aside the Receivership Order, arguing that the Receivers were improperly appointed. True copies of the SBF's petitions to stay the JPL Order and set aside the Receivership Order, as filed, are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively.

10. In support of his petitions, SBF submitted affidavits attesting to numerous facts essential to the dispute over the Shares but previously unknown to the JPLs. For example, SBF avers that in or about May 2022 he and Gary Wang borrowed $546,381,737.10 from Alameda and used those funds to capitalize Emergent and to fund Emergent's purchase of the Shares on the open market. A true copy of the SBF's affidavit, as filed, is attached hereto as **Exhibit 5**.

11. On the same day that SBF filed his petitions, BlockFi filed its appearance in the Antiguan Court as a purported creditor of Emergent, indicating that BlockFi also intends to challenge the JPLs' appointment. A true copy of BlockFi's appearance, as filed, is attached hereto as **Exhibit 6**.

12. Between December 12, 2022 and December 23, 2022, several hearings were held in the Antigua Court. At the most recent hearing, the Antiguan Court reserved judgment on the issue whether the JPL Order should be stayed and scheduled a further court conference for

December 28.  The JPLs expect that the Antiguan Court will reaffirm their authority at this court conference, but it is possible that the Antiguan Court will restrict or even revoke the JPLs' authority, which would in turn lead to a dispute over the JPLs' authority in their separate capacity as Receivers, which could take some time to resolve.  To the extent any disputes in the Antiguan Court remain unresolved after December 28, the JPLs understand those disputes will be assigned to a different judge in Antigua.

13. On December 22, 2022, the FTX Debtors moved the Delaware Bankruptcy Court to enforce or extend the automatic stay to the BlockFi Adversary Proceeding (the "<u>FTX Stay Motion</u>").  *See In re FTX Trading LTD.*, Case 22-11068-JTD, Dkt. No. 291 (Bankr. D. Del. Dec. 22, 2022).  The declaration filed by the FTX Debtors in support of the FTX Stay Motion contains various exhibits and information, such as emails and spreadsheets regarding the Shares, much of which was previously unavailable to the JPLs.  A true copy of the FTX Stay Motion, as filed, is attached hereto as **Exhibit 7**.

14. Prior to filing this Motion, the JPLs' counsel reached out to BlockFi's and Marex's counsel to ask if they would consent to the extensions sought herein.  Marex's counsel does not oppose the extensions.  BlockFi's counsel declined to consent.

15. Marex's counsel previously indicated to the JPLs (and, the JPLs understand, to the other parties to this dispute) that Marex will not release the Shares until it is directed to do so by a court of competent jurisdiction.  A true copy of Marex's counsel's statement to the JPLs' counsel on this subject is attached hereto as **Exhibit 8.**

[*remainder of page left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 26, 2022
       New York, New York

Respectfully submitted,

By: _____
Joshua Dorchak
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6700
Email: joshua.dorchak@morganlewis.com

5