# **EXHIBIT 5**

**SBF Affidavit**

Case Number: ANUHCV2022/0456   Case 22-01382-MBK    Doc 19-7    Filed 12/27/22    Entered 12/27/22 00:13:48    Desc
Exhibit 5 - SBF Affidavit    Page 2 of 17

FILED
HIGH COURT
ANTIGUA AND BARBUDA

Submitted Date: 12/12/2022 11:12

Filed Date: 12/12/2022 11:16

Fees Paid: 22.00

The Eastern Caribbean Supreme Court
In the High Court of Justice
Antigua and Barbuda
Claim No ANUHCV2022/0456
Between

Yonatan Ben Shimon

Claimant

And

1. Emergent Fidelity Technologies Ltd
2. Samuel Benjamin Bankman-Fried

Defendants

Affirmation of Samuel Benjamin Bankman-Fried

I, Samuel Benjamin Bankman-Fried, of [address] AFFIRM and say as follows:

1. I make this affirmation on my own behalf, and to the extent that I am permitted to do so, on behalf of the first Defendant ("Emergent") in support of my application that the ex parte order dated 18 November 2022 made against me and against Emergent be discharged. This affirmation is filed without prejudice to my right to apply to stay the proceedings on forum non conveniens grounds.

2. Save where expressly otherwise, I make this affirmation from my own knowledge and belief. Where matters contained in this affirmation are not within my own knowledge and belief, I explain the basis of my knowledge and belief and I confirm they are true to the best of my knowledge and belief. I attach various documents to which I will refer in this affirmation as an exhibit marked as "SBF 1"

3. I have read the affirmation of the Claimant filed in support of the application. I intend to respond to some of the allegations made in that affirmation. The fact that I do not respond to every allegation that the Claimant makes is not an admission that I accept the truth of what he asserts but merely that in the time available I have not been able to respond to it. In particular I have not responded to the references to various newspapers and other publications made by the Claimant. News stories, especially in respect of a matter as complex and valuable as FTX, are notoriously unreliable and I am advised are of little probative value in this Court. What is apparent from the affidavit it that the Claimant has referred to various such articles that paint me in a bad light, ignored others that do not do so, and not made any or any proper enquires into the accuracy of what is asserted in the articles. If I were to attempt

to every false or inaccurate news story that is published about me, then it would be a full time job and I would need a large staff to assist me.

4. Emergent did acquire 56,273,469 shares in Robinhood Markets Inc ("Robinhood") as stated by the Claimant at paragraph 7 of his affirmation, and as recorded in the SEC Filing exhibited at pages 5 -13 of the exhibit to his affirmation. The shares were acquired in tranches and I am not certain of the exact price paid for those shares – however, I believe that the total purchase price was less than the sum of $648,293,886.33 referred to by the Claimant at paragraph 7 of his affirmation. For the reasons that I set out below, I suspect that the total acquisition costs was $546,381,737.10.

5. The basis of the Claimant's case appears to be that the funds that were utilised by Emergent to purchase the shares in Robinhood might have represented the value of the 3,000 Ethereum that the Claimant asserts that he deposited with FTX in October 2021. At paragraph 30(iii) of his affirmation, the Claimant states that:

> … [Emergent] acquired a 7.6% shareholding in Robinhood for about US$650 million possible using funds improperly diverted from those invested by me and other with FTX. I know nothing regarding the source of the funds used to acquire the 7.6% interest in Robinhood beyond the fact that it was allegedly "working capital".

6. Given that Claimant accepts that he does not know anything about the source of the funds used to acquire the Robinhood shares, I propose to explain where that funding came from.

7. Zixiao Wang ("Gary") and I agreed the incorporate Emergent in Antigua to hold the investments that we wished to make into the shares of Robinhood.
    a. I was appointed as the sole director.
    b. 900 shares were issued to me.
    c. 100 shares were issued to Gary.

8. I confirm that there has been no change in the shareholding and that the shares are still legally and beneficially owned as to 90% by me and 10% by Gary. It is difficult to value the shares in Emergent since there is no ready market for them, but the best value is probably the same as the value, form time to time, of the Robinhood shares. Emergent does not own any assets other than the Robinhood shares. A copy of the Register of Shareholders and the Register of Members for Emergent showing that we own the shares in those proportions and that I am/was the sole director appear at pages 2 and 3 of the exhibit to this affirmation.

9. In order to capitalise Emergent so that it could make the investments into Robinhood, Gary and I agreed to borrow funds from Alameda Research Ltd ("Alameda"). Those funds were capitalised into Emergent and it used those funds to acquire the shares in Robinhood. The loans that were made by Alameda to use were evidenced by four promissory notes as follows:
    a. A promissory note dated 30 April 2022 evidencing a loan by Alameda to me in the sum of $316,667,182.50.
    b. A promissory note dated 30 April 2022 evidencing a loan by Alameda to Gary in the sum of $$35,185,242.50.
    c. A promissory note dated 15 May 2022 evidencing a loan by Alameda to me in the sum of $175,076,380.89.
    d. A promissory note dated 15 May 2022 evidencing a loan by Alameda to me in the sum of $19,452,931.21.

10. The loans made by Alameda to Gary and me were not drawn down in a single amount on the dates of the promissory notes, but the promissory notes evidenced the amounts that we were borrowing. The draw down occurred in tranches before, and possibly after the dates of the promissory notes.

11. Thus, I borrowed the sum of $491,743,563.39 and Gary borrowed the sum of 54,638,173.71 from Alameda. All of the sums evidenced by the promissory notes were capitalised into Emergent as working capital so that it could purchase the shares in Robinhood. Insofar as I can recall those two amounts, summing to $546,381,737.10 with 90% provided by me and 10% provided by Gary, comprised the full amount that was capitalised by Gary and me into Emergent, and then paid by Emergent for the Robinhood shares. However, if the sums paid by Emergent for the shares exceeded $546,381,737.10 then I have not doubt that such additional sum was borrowed by Gary and I and capitalised into Emergent in the manner described above so that it could acquire the shares.

12. I confirm that no steps were taken in Antigua in connection with the acquisition of the Robinhood shares save the incorporation of Emergent. No funds flowed through Antigua, neither I nor Gary ever visited Antigua, not documents were prepared, executed or stored in Antigua. No individual in Antigua was involved in the acquisition. All relevant steps were taken in the Bahamas and/or in the United States.

13. The existence of the promissory notes has become a matter of public record following the various legal proceedings in the United States of America and the Bahamas following the collapse of the FTX related companies. Copies of each of the promissory notes, which were drafted by a US law firm, appear at pages 5 to 12 of the exhibit to this affirmation.

14. Following their appointment as Receivers of my 90% shares in Emergent, they purported to vote those shares to remove me as a director and to appoint themselves as directors. A copy of the purported resolution appears at page 4 of the exhibit.

Affirmed by the within named

Samuel Benjamin Bankman-Fried

This 11 December 2022

Before me

Notary Public/Commissioner for Oaths

The Eastern Caribbean Supreme Court
In the High Court of Justice
Antigua and Barbuda
Claim No ANUHCV2022/0456
Between

Yonatan Ben Shimon

Claimant

And

1. Emergent Fidelity Technologies Ltd
2. Samuel Benjamin Bankman-Fried

Defendants

Exhibit SBF 1 to the Affirmation of Samuel Benjamin Bankman-Fried

I confirm that the documents attached hereto comprise Exhibit SBF 1 referred to the in the affirmation of Samuel Benjamin Bankman-Fried affirmed before me today.

Dated: 11 December 2022

_____
Notary Public/Commissioner for Oaths

## Register of Shareholders of

## EMERGENT FIDELITY TECHNOLOGIES LTD.

| Name and Address of Shareholder | Share Certificate No. | Date of Issue | Transferred From | Number of Shares Held | Date Share Certificate Cancelled |
|---|---|---|---|---|---|
| **Samuel Bankman-Fried Albany, New Providence The Bahamas** | 1 | 22-Apr-22 | - | 900 | - |
| **Zixiao Wang Unit 112 West Bay Street Lot 5 & 6 New Providence The Bahamas** | 2 | 22-Apr-22 | - | 100 | - |

## Register of Directors of

## EMERGENT FIDELITY TECHNOLOGIES LTD.

| Name and Address of Director | Date of Appointment | Date of Resignation |
|---|---|---|
| **Samuel Bankman-Fried** <br> **Albany, New Providence** <br> **The Bahamas** | 22-Apr-2022 | - |

3

EMERGENT FIDELITY TECHNOLIGIES LTD

("the Company")

BOARD RESOLUTION

On 18 November 2022 the Eastern Caribbean Supreme Court ordered the appointment of Angela Barkhouse of Quantuma (Cayman) Limited, Suite N404, Flagship Building, 142 Seafarers Way, George Town, Grand Cayman, Cayman Islands and Toni Shukla of Quantuma (BVI) Limited, Coastal Building, Wickhams Cay II, Road Town, Tortola, British Virgin Islands as Receivers of all the assets of the Company and of Samuel Benjamin Bankman-Fried's equity and/or debt interests in the Company, including the shares of the Company:

WHERE paragraph 24 of the Court Order gives the Receivers the power to change the director(s) of the Company and to appoint themselves or a nominee director, the Receivers hereby:

RESOLVE by way of written resolution to remove the current directors of the Company; and

FURTHER RESOLVE to appoint themselves, in their capacity as Receivers, as directors.

Approved: 21 November 2022

_____
Angela Barkhouse
Joint Receiver

_____
Toni Shukla
Joint Receiver

4

## PROMISSORY NOTE

Note Amount: $316,667,182.50

April 30, 2022

      FOR VALUE RECEIVED, Samuel Bankman-Fried (the "*Borrower*"), hereby promises to pay to the order of Alameda Research Ltd (the "*Lender*"), the principal sum of $316,667,182.50, less any repayments made by the Borrower to the Lender (the "*Principal Amount*"), together with interest thereon from the date of this Promissory Note (the "*Note*").

      On the five-year anniversary of the date hereof (the "*Maturity Date*"), the Borrower agrees to make a repayment under this Note to the Lender in an amount equal to the full amount of any unpaid balance of the Principal Amount and all accrued and unpaid interest. This Note may be prepaid in whole or in part prior to the Maturity Date without penalty.

      Interest shall accrue annually on any unpaid principal based on an annual interest rate of 2.21%, compounded yearly.

      All payments shall be made in lawful money of the United States of America at the principal office of the Borrower, or at such other place as the Lender (or its assignee) may from time to time designate in writing to the Borrower. Payment shall be credited first to the accrued and unpaid interest then due and payable and the remainder applied to the Principal Amount.

      If, prior to the Maturity Date, the Borrower consummates a Deemed Liquidation Event (as defined in the Borrower's Certificate of Incorporation, as may be amended or restated from time to time), then, immediately prior to such Deemed Liquidation Event, the Borrower shall repay any amounts that remain unpaid under the Note.

      In the event of: (i) the failure of the Borrower to pay when due the Principal Amount and accrued interest under this Note; (ii) the filing of a petition by or against the Borrower under any provision of the Bankruptcy Reform Act (Title 11 of the United States Code), as amended or recodified from time to time, or under any other law relating to bankruptcy, insolvency, reorganization or other relief for debtors; (iii) the appointment of a receiver, trustee, custodian or liquidator of or for any part of the assets or property of the Borrower; (iv) the execution by the Borrower of a general assignment for the benefit of creditors; (v) the insolvency of the Borrower or the Borrower's failure to pay its debts as they become due; or (vi) any attachment or like levy on any property of the Borrower; then immediately following the occurrence of such event, the Principal Amount and all accrued and unpaid interest on this Note shall accelerate and the Note shall be immediately payable in full.

5

The parties hereby expressly waive presentment, demand for payment, dishonor, notice of dishonor, protest, notice of protest, and any other formality.

## THE BORROWER:

**SAMUEL BANKMAN-FRIED**

*Samuel Bankman-Fried*
(DocuSigned by: 24A1FE75CBF4440...)

## THE LENDER:

**ALAMEDA RESEARCH LTD**

By: *Caroline Ellison*
(DocuSigned by: FF6633D9656F4A5...)
Name:  Carolyn Ellison, CEO

[SIGNATURE PAGE TO PROMISSORY NOTE]

6

## PROMISSORY NOTE

Note Amount: $175,076,380.89

May 11, 2022

FOR VALUE RECEIVED, Samuel Bankman-Fried (the "**Borrower**"), hereby promises to pay to the order of Alameda Research Ltd (the "**Lender**"), the principal sum of $175,076,380.89, less any repayments made by the Borrower to the Lender (the "**Principal Amount**"), together with interest thereon from the date of this Promissory Note (the "**Note**").

On the five-year anniversary of the date hereof (the "**Maturity Date**"), the Borrower agrees to make a repayment under this Note to the Lender in an amount equal to the full amount of any unpaid balance of the Principal Amount and all accrued and unpaid interest. This Note may be prepaid in whole or in part prior to the Maturity Date without penalty.

Interest shall accrue annually on any unpaid principal based on an annual interest rate of 2.21%, compounded yearly.

All payments shall be made in lawful money of the United States of America at the principal office of the Borrower, or at such other place as the Lender (or its assignee) may from time to time designate in writing to the Borrower. Payment shall be credited first to the accrued and unpaid interest then due and payable and the remainder applied to the Principal Amount.

If, prior to the Maturity Date, the Borrower consummates a Deemed Liquidation Event (as defined in the Borrower's Certificate of Incorporation, as may be amended or restated from time to time), then, immediately prior to such Deemed Liquidation Event, the Borrower shall repay any amounts that remain unpaid under the Note.

In the event of: (i) the failure of the Borrower to pay when due the Principal Amount and accrued interest under this Note; (ii) the filing of a petition by or against the Borrower under any provision of the Bankruptcy Reform Act (Title 11 of the United States Code), as amended or recodified from time to time, or under any other law relating to bankruptcy, insolvency, reorganization or other relief for debtors; (iii) the appointment of a receiver, trustee, custodian or liquidator of or for any part of the assets or property of the Borrower; (iv) the execution by the Borrower of a general assignment for the benefit of creditors; (v) the insolvency of the Borrower or the Borrower's failure to pay its debts as they become due; or (vi) any attachment or like levy on any property of the Borrower; then immediately following the occurrence of such event, the Principal Amount and all accrued and unpaid interest on this Note shall accelerate and the Note shall be immediately payable in full.

7

The parties hereby expressly waive presentment, demand for payment, dishonor, notice of dishonor, protest, notice of protest, and any other formality.

**THE BORROWER:**

**SAMUEL BANKMAN-FRIED**

*Samuel Bankman-Fried*
DocuSigned by: 24A1FE75CBF4440...

**THE LENDER:**

**ALAMEDA RESEARCH LTD**

By: _____
Name: Caroline Ellison, CEO
DocuSigned by: FF6633D9656F4A5...

[SIGNATURE PAGE TO PROMISSORY NOTE]

8

# PROMISSORY NOTE

Note Amount: $35,185,242.50

April 30, 2022

FOR VALUE RECEIVED, Zixiao Wang (the "***Borrower***"), hereby promises to pay to the order of Alameda Research Ltd (the "***Lender***"), the principal sum of $35,185,242.50, less any repayments made by the Borrower to the Lender (the "***Principal Amount***"), together with interest thereon from the date of this Promissory Note (the "***Note***").

On the five-year anniversary of the date hereof (the "***Maturity Date***"), the Borrower agrees to make a repayment under this Note to the Lender in an amount equal to the full amount of any unpaid balance of the Principal Amount and all accrued and unpaid interest. This Note may be prepaid in whole or in part prior to the Maturity Date without penalty.

Interest shall accrue annually on any unpaid principal based on an annual interest rate of 2.21%, compounded yearly.

All payments shall be made in lawful money of the United States of America at the principal office of the Borrower, or at such other place as the Lender (or its assignee) may from time to time designate in writing to the Borrower. Payment shall be credited first to the accrued and unpaid interest then due and payable and the remainder applied to the Principal Amount.

If, prior to the Maturity Date, the Borrower consummates a Deemed Liquidation Event (as defined in the Borrower's Certificate of Incorporation, as may be amended or restated from time to time), then, immediately prior to such Deemed Liquidation Event, the Borrower shall repay any amounts that remain unpaid under the Note.

In the event of: (i) the failure of the Borrower to pay when due the Principal Amount and accrued interest under this Note; (ii) the filing of a petition by or against the Borrower under any provision of the Bankruptcy Reform Act (Title 11 of the United States Code), as amended or recodified from time to time, or under any other law relating to bankruptcy, insolvency, reorganization or other relief for debtors; (iii) the appointment of a receiver, trustee, custodian or liquidator of or for any part of the assets or property of the Borrower; (iv) the execution by the Borrower of a general assignment for the benefit of creditors; (v) the insolvency of the Borrower or the Borrower's failure to pay its debts as they become due; or (vi) any attachment or like levy on any property of the Borrower; then immediately following the occurrence of such event, the Principal Amount and all accrued and unpaid interest on this Note shall accelerate and the Note shall be immediately payable in full.

9

The parties hereby expressly waive presentment, demand for payment, dishonor, notice of dishonor, protest, notice of protest, and any other formality.

**THE BORROWER:**

Zixiao Wang

*[Signature]*
—5A359B84BED847E...

**THE LENDER:**

**ALAMEDA RESEARCH LTD**

By: *Caroline Ellison* [Signature]
Name: Carolyn Ellison, CEO

[SIGNATURE PAGE TO PROMISSORY NOTE]

10

## PROMISSORY NOTE

Note Amount: $19,452,931.21

May 11, 2022

FOR VALUE RECEIVED, Zixiao Wang (the "*Borrower*"), hereby promises to pay to the order of Alameda Research Ltd (the "*Lender*"), the principal sum of $19,452,931.21, less any repayments made by the Borrower to the Lender (the "*Principal Amount*"), together with interest thereon from the date of this Promissory Note (the "*Note*").

On the five-year anniversary of the date hereof (the "*Maturity Date*"), the Borrower agrees to make a repayment under this Note to the Lender in an amount equal to the full amount of any unpaid balance of the Principal Amount and all accrued and unpaid interest. This Note may be prepaid in whole or in part prior to the Maturity Date without penalty.

Interest shall accrue annually on any unpaid principal based on an annual interest rate of 2.21%, compounded yearly.

All payments shall be made in lawful money of the United States of America at the principal office of the Borrower, or at such other place as the Lender (or its assignee) may from time to time designate in writing to the Borrower. Payment shall be credited first to the accrued and unpaid interest then due and payable and the remainder applied to the Principal Amount.

If, prior to the Maturity Date, the Borrower consummates a Deemed Liquidation Event (as defined in the Borrower's Certificate of Incorporation, as may be amended or restated from time to time), then, immediately prior to such Deemed Liquidation Event, the Borrower shall repay any amounts that remain unpaid under the Note.

In the event of: (i) the failure of the Borrower to pay when due the Principal Amount and accrued interest under this Note; (ii) the filing of a petition by or against the Borrower under any provision of the Bankruptcy Reform Act (Title 11 of the United States Code), as amended or recodified from time to time, or under any other law relating to bankruptcy, insolvency, reorganization or other relief for debtors; (iii) the appointment of a receiver, trustee, custodian or liquidator of or for any part of the assets or property of the Borrower; (iv) the execution by the Borrower of a general assignment for the benefit of creditors; (v) the insolvency of the Borrower or the Borrower's failure to pay its debts as they become due; or (vi) any attachment or like levy on any property of the Borrower; then immediately following the occurrence of such event, the Principal Amount and all accrued and unpaid interest on this Note shall accelerate and the Note shall be immediately payable in full.

The parties hereby expressly waive presentment, demand for payment, dishonor, notice of dishonor, protest, notice of protest, and any other formality.

**THE BORROWER:**

**Zixiao Wang**

*[DocuSigned by: Zixiao Wang — 5A359B84BED847E...]*

**THE LENDER:**

**ALAMEDA RESEARCH LTD**

By: *[DocuSigned by: Caroline Ellison — FF0039D9656F4A5...]*
Name: Carolyn Ellison, CEO

[SIGNATURE PAGE TO PROMISSORY NOTE]

12

The Eastern Caribbean Supreme Court
In the High Court of Justice
Antigua and Barbuda
Claim No ANUHCV2022/0456
Between

Yonatan Ben Shimon

<u>Claimant</u>

And

1. Emergent Fidelity Technologies Ltd
2. Samuel Benjamin Bankman-Fried

<u>Defendants</u>

Affirmation of Samuel Benjamin Bankman-Fried

DAVID DORSETT, PH.D.
Watt, Dorsett, Hewlett Law
Attorneys-at-law for the Applicant
KINGSGATE CHAMBERS
55 Newgate Street
St. John's, Antigua
(T): 1-268-462-1351;
(E): david.dorsett@richards.ag